UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DONNA WADSLEY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:17-CV-339-TLS |
| | ) | |
| REV RECREATION GROUP, INC, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Defendant's Motion to Dismiss the Plaintiffs' Complaint [ECF No. 11] for failure to state a claim, filed on October 10, 2017. The Plaintiffs filed a Response [ECF No. 24] on November 21, 2017, as well as a Motion to Amend Complaint [ECF No. 25]. On December 7, 2017, the Magistrate Judge granted [ECF No. 30] the Plaintiffs' Motion to Amend, and an Amended Complaint [ECF No. 31] was filed into the record that same day. Subsequently, on December 28, 2017, the Defendant filed a Motion to Dismiss the Plaintiffs' Amended Complaint [ECF No. 33], to which the Plaintiffs responded on January 9, 2018 [ECF No. 35]. The Defendant filed a Reply on January 23, 2018. For the reasons discussed below, the Court denies the Defendant's Motions to Dismiss.

## BACKGROUND

The basic factual allegations underlying the Amended Complaint are as follows: The Plaintiffs purchased a 2016 American Coach Eagle 45 C recreational vehicle ("the RV") built in Indiana and sold in Michigan for $432,000 in October of 2016. Over the ensuing nine months, the Plaintiffs discovered over two hundred defects in the RV. The Plaintiffs had the RV serviced numerous times, but various authorized servicing dealers were unable to satisfactorily cure the

defects. The Plaintiffs notified the Defendant that they wanted their money back, but the Defendant refused to refund them.

In their original Complaint, the Plaintiffs allege five causes of action: (1) breach of warranty and/or contract, (2) violation of the Magnuson Moss Warranty Act, (3) violation of the Indiana Deceptive Consumer Sales Act ("the IDCSA"), (4) product liability, and (5) negligence. The Defendant's first Motion to Dismiss concerns the third and fourth causes of action. The Defendant's second Motion to Dismiss concerns the third, fourth, and fifth causes of action.

In support of their claim that the Defendant violated the IDCSA, the Plaintiffs allege that "[m]ore than 30 days prior to the filing hereof, specifically in 2016 and 2017, Plaintiff gave written notice to defendant of one or more abusive and/or unfair and/or deceptive and/or unconscionable acts, omissions, or practices were committed by Defendant and which were and remain uncured and/or were incurable." (Compl. ¶ 38.) The Plaintiffs proceed to list seventeen of these alleged acts. (*Id.* at ¶ 39.) Thus, the Plaintiffs allege, the Defendant "committed one or more abusive and/or unfair and/or deceptive and/or unconscionable acts, omissions, or practices in violation of applicable state Udap law(s), before, during or after a consumer transaction between one or both Plaintiffs and a supplier in relation to [the RV]." (*Id.* at ¶ 40.) In response to the Defendant's first Motion to Dismiss, the Plaintiffs amended their Complaint to remove references to "incurable" acts and to append copies of the relevant written warranty and the written notices to the Defendant of the defects.

In support of their claim that the Defendant is liable under a theory of product liability, the Plaintiffs allege that the Defendant "designed, tested, manufactured, and assembled [the RV], and placed it in the stream of commerce." (*Id.* at ¶ 43.) The Plaintiffs allege that "[a] stationary entry step and/or step system in Plaintiff's [RV] was defective" and that "[o]n or about

2

November 21, 2016, due to the defective manufacture . . . an interior entry step in Plaintiffs' [RV] collapsed during Plaintiff Donna Wadsley's normal and foreseeable use of the interior entry step and/or step system, causing severe injury to Plaintiff Donna Wadsley." (*Id.* at ¶¶ 44–45.) The Plaintiffs further allege that the stationary interior entry step and/or step system ("the defective step") was defective at the time of manufacture and sale, that it was not intended to collapse during normal use, that it was not reasonably safe, and that there was a feasible alternative design available at the time of manufacture that would not have significantly impaired the usefulness or desirability of the feature. (*Id.* at ¶¶ 45–49.) The Plaintiffs allege that the Defendant owed foreseeable users and consumers a "duty of care to reasonably warn of an unreasonable risk of harm associated with the intended use of [the RV]," that the Defendant knew of the hazards of the defective step, that the Defendant "had no reason to believe that foreseeable users and consumers, including Plaintiffs, would realize the dangerous condition," and that the Defendant "failed to use reasonable care to warn users or consumers, including Plaintiffs, of the dangerous condition and unreasonable risk of harm associated with the interior entry step and/or step system." (*Id.* at ¶¶ 50–53.) Thus, as a direct and proximate result of the defect, Plaintiff Donna Wadsley sustained "severe physical injuries." (*Id.* at ¶ 54.) In response to the Defendant's first Motion to Dismiss, the Plaintiffs amended their Complaint to specify that their product liability claim arose "under Indiana and/or Michigan and/or Delaware state law." (Amend. Compl. ¶ 42.)

In support of their claim that the Defendant is liable under a theory of negligence, the Plaintiffs allege that the Defendant breached its duty to (1) "reasonably warn of an unreasonable risk of harm associated with the intended use of the [RV]," (2) "manufacture and distribute [the RV] in a condition free from defects and suitable for its intended use and not unreasonably

dangerous", and (3) "utilize an alternative design for [the RV]" that would "not significantly impair the usefulness or desirability of [the RV]." (*Id.* at ¶ 57.) The Plaintiffs claim that the Defendant breached one or more of these duties and that said breach was the proximate cause of Plaintiff Donna Wadsley's injury. (*Id.* at ¶¶ 58–59.)

## STANDARD OF REVIEW

When reviewing a Rule 12(b)(6) motion to dismiss, the Court must accept all of the factual allegations as true and draw all reasonable inferences in favor of the Plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Complaint need not contain detailed facts, but surviving a Rule 12(b)(6) motion "requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## ANALYSIS

The Court has subject-matter jurisdiction over this case premised both upon 28 U.S.C. § 1331, because the Plaintiffs have asserted a federal claim, and upon 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000 and the citizenship of the parties is diverse—the Defendant is a citizen of Indiana and the Plaintiffs are citizens of Maryland. As to the state law claims, the Court "must apply the law of the state as it believes the highest court of the state would apply it if the issues were presently before that tribunal." *State Farm Mut. Auto. Ins. Co. v. Pate*, 275 F.3d 666, 669 (7th Cir. 2001). "When the state Supreme Court has not decided the

issue, the rulings of the state intermediate appellate courts must be accorded great weight, unless there are persuasive indications that the state's highest court would decide the case differently." *Id.*

A. **The IDCSA**

In its first Motion to Dismiss, the Defendant moved to dismiss the Plaintiff's IDCSA claims because (1) the Plaintiffs failed to allege a "consumer transaction" in Indiana, (2) the Plaintiffs are barred by the statute of limitations because they failed to show that the allegedly deceptive acts were incurable or that they gave timely written notice to the Defendant, and (3) the Plaintiffs failed to meet the required heightened pleading standard when alleging incurable acts. The Defendant's second and third arguments are moot in light of the Plaintiffs' Amended Complaint, in which they removed all references to "incurable acts" and attached documents in support of the fact that they gave timely written notice to the Defendant. The only argument asserted in the Defendant's second Motion to Dismiss is that the Plaintiffs failed to adequately allege a "consumer transaction" under the IDCSA.

The Defendant asserts that the Plaintiffs have failed to allege a "consumer transaction" in Indiana because they are Maryland residents that participated in a Michigan transaction and are therefore not protected by the statute. The Defendant argues that the purpose of the IDCSA is to protect only Indiana residents, citing dicta from the Eastern District of Pennsylvania. *See In re Actiq Sales and Mktg. Practices Litig.*, 790 F. Supp. 2d 313, 322 (E.D. Pa. 2011) (noting that the IDCSA "was created to protect Indiana residents from the deceptive and unconscionable act and practices of suppliers").

The Plaintiff responds that the IDCSA is to be "liberally construed and applied to promote its purposes and policies." Ind. Code. § 24-5-0.5-1(a). The IDCSA explicitly lays out its purposes:

> The purposes and policies of this chapter are to:
> (1) simplify, clarify, and modernize the law governing deceptive and unconscionable consumer sales practices;
> (2) protect consumers from suppliers who commit deceptive and unconscionable sales acts; and
> (3) encourage the development of fair consumer sales practices.

Ind. Code. § 24-5-0.5-1(b). The Court must construe the statute by looking to the plain and ordinary meaning "unless the construction is plainly repugnant to the intent of the legislature or of the context of the statute." Ind. Code. § 1-1-4-1. Nowhere does the IDCSA explicitly limit its application to Indiana residents. Moreover, the Plaintiffs argue, nowhere in the IDCSA is there a requirement that the transaction at issue actually occur in Indiana.

The IDCSA defines "consumer transaction" as:

> a sale, lease, assignment, award by chance, or other disposition of an item of personal property, real property, a service, or an intangible . . . to a person for purposes that are primarily personal, familial, charitable, agricultural, or household, or a solicitation to supply any of these things.

Ind. Code. § 24-5-0.5-2(a).

The Court agrees with the Plaintiffs. The Defendant has come forward with no authority that a consumer transaction for the purposes of the IDCSA must actually occur in Indiana or that only an Indiana resident may bring a claim under the IDCSA. Nor does the Court find that it would be "plainly repugnant to the intent of the legislature" to allow an out-of-state plaintiff who engaged in an out-of-state purchase to bring a claim under the IDCSA. Rather, disallowing such claims would not promote the IDCSA's purpose of "encourag[ing] the development of fair consumer sales practices" if Indiana suppliers were able to engage in deceptive practices so long as the consumer was not an Indiana resident.

Moreover, this Court has previously permitted similar claims to proceed. *See Castagna v. Newmar Corp.*, No. 3:15-CV-249, 2016 WL 3413770 (N.D. Ind. June 22, 2016) (denying motion to dismiss claim where Florida resident purchased an RV manufactured by Indiana corporation); *Hoopes v. Gulf Stream Coach, Inc.*, No. 1:10-CV-365, 2014 WL 4829623 (N.D. Ind. Sept. 29, 2014) (applying IDCSA where Ohio residents purchased an RV manufactured by an Indiana corporation from a dealer in Ohio). In the instant case, the Plaintiffs have alleged that a transaction occurred (the purchase of the RV) and that the alleged deceptive acts and/or omissions related to the transaction are the fault of the Defendant, an Indiana manufacturer. Thus, the Court finds that the Plaintiffs have sufficiently alleged a "consumer transaction" within the meaning of the IDCSA.

Therefore, the Court denies the Defendant's Motion to Dismiss as to the Plaintiffs' claim under the IDCSA.

### B. Product Liability and Negligence

In its first Motion to Dismiss, the Defendant argues that the Plaintiffs' claim for product liability should be dismissed because the Plaintiffs failed to identify under which state statute the Defendant is allegedly liable. The Plaintiffs amended their Complaint to state that they are bringing their product liability claim under "Indiana and/or Michigan and/or Delaware law." In its second Motion to Dismiss, the Defendant maintains that this allegation is still too vague as it does not point to any specific statute on which the Plaintiffs' claims are founded, and the Defendant is not required "to speculate under which state substantive law Plaintiffs are premising their product liability and negligence claims[.]" (Def. 2d. Mot. to Dismiss 4.) The Defendant makes the same argument as to the Plaintiffs' negligence claim.

7

The Plaintiffs note that the Defendant does not allege that they have failed to plead sufficient facts, but rather argues that the Plaintiffs are required to specifically state the law or code applicable to their claim. However, "[f]ederal pleading requires only notice of one's claim and need not point to a specific statute." *Parnello v. Time Ins. Co.*, No. 91 C 20160, 1992 WL 184291, at *4 (7th Cir. Mar. 9, 1992); *see also Kennedy v. U.S. Postal Serv.*, No. 210-CV-279, 2011 WL 5408351, at *3 (N.D. Ind. Nov. 7, 2011) (finding that "[the plaintiff's] failure to identify the correct statute in her complaint is not fatal to her claim"); *McDaniel v. Elgin*, No. 209-CV-119, 2010 WL 339082, at *2 (N.D. Ind. Jan. 22, 2010) (noting that "[a] complaint need not plead law or be tied to one legal theory").

Moreover, parties are entitled to plead alternative, and even conflicting, theories in their complaints. *See Clevenger v. City of N. Webster Police Dept.*, 1:15-CV-337, 2016 WL 3537193, at *7 (N.D. Ind. June 28, 2016) (finding that "a party is allowed to plead alternative theories of relief, even if the theories are inconsistent") (citing *Cromeens, Holloman, Sibert, Inc. v. AB Volvo*, 349 F.3d 376, 397 (7th Cir. 2003)). As the Plaintiffs point out, the Plaintiffs' claims may be governed under either Indiana, Michigan, or Delaware law because events related to the Plaintiffs' injuries occurred in all three states, and the parties have not briefed any choice of law issues that may affect this case.[1] Pleading under the laws of three different states amounts to nothing more than pleading three alternative theories.

Thus, the Court finds that the Plaintiffs' Complaint gives the Defendant fair notice regarding their products liability and negligence claims, and the Court will deny the Defendant's Motions to Dismiss.

---

[1] Neither party has argued which state's law should apply, and the Court will not undergo a choice of law analysis at this time because it is not relevant to the Defendant's Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, the Court DENIES the Defendant's Motions to Dismiss [ECF Nos. 11, 33].

SO ORDERED on March 19, 2018.

 s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT